## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARIO ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   No:   2:12-cv-0266-JMS-DKL |
| | ) |
| RICHARD BROWN, Superintendent, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order**

**I.**

**A.**

The request to proceed in forma pauperis [2] is granted.

**B.**

The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner whenever it "determines that the interests of justice so require. . . ." 18 U.S.C. ' 3006A(a)(2)(B). Whether to appoint counsel is committed to the discretion of the trial court. *United States v. Evans,* 51 F.3d 287 (10th Cir. 1995). Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Application of the foregoing factors in this case indicates that the petitioner=s claim is not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to the petitioner=s *pro se* status will be made and that the petitioner has at least thus far demonstrated exceptional ability to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action, the petitioner is literate and

seems fully aware of the proceedings involving his conviction and sentence in the Indiana state courts.

These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel [3] is **denied.**

## II.

AA necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.@ *Rose vs. Hodges,* 423 U.S. 19, 21 (1975). The petitioner shall have through October 10, 2012, in which to explain how the reinstatement of his direct appeal from the LaPorte Superior Court renders his current custody in violation of the Constitution or laws of the United States.

**IT IS SO ORDERED.**

Date: _09/11/2012_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Marion Anthony Allen**
**#143473**
**Wabash Valley Correctional Facility**
**Inmate Mail/Parcels**
**6908 S. Old US Hwy 41**
**P.O. Box 1111**
**Carlisle, IN  47838**